Filed 1/28/25  P. v. Schanuth CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C100904 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF21-00211) |
| v. | |
| ARNOLD WAYNE SCHANUTH, | |
| Defendant and Appellant. | |

Defendant Arnold Wayne Schanuth appeals following his resentencing for assault with a deadly weapon with a great bodily injury enhancement.  In 2023, this court issued its opinion in defendant's first appeal.  (*People v. Schanuth* (Jan. 23, 2023, C095754) [nonpub. opn.] (*Schanuth*).)  This court affirmed the convictions but vacated his sentence and remanded the matter for a full resentencing in light of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which amended the methodology for selecting an

1

appropriate sentencing triad term. (Pen. Code, § 1170,[1] subd. (b); Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.)

Defendant now contends his sentence must again be vacated and the matter remanded for resentencing. According to defendant, the trial court abused its discretion in imposing the upper term on the principal count and declining to strike the great bodily injury enhancement. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2021, defendant pleaded no contest to assault with a deadly weapon. (§ 245, subd. (a)(1).) He also admitted a great bodily injury enhancement (§ 12022.7, subd. (a)) and a prior strike (§§ 667, subds. (b)-(i), 1170.12). Defendant further admitted that he was on postrelease community supervision (PRCS) at the time of the crime and had violated the terms of that supervision. As part of the plea, defendant entered into a *Cruz*[2] waiver. The parties agreed that, if defendant successfully complied with the *Cruz* waiver for one year, the trial court would dismiss his prior strike allegation, and the trial court would order probation. If not, the trial court would impose a prison sentence of up to 11 years.

In November 2021, the trial court found defendant had violated the *Cruz* waiver by committing assault (§ 240) and battery (§ 243, subd. (e)(1)). (*Schanuth*, *supra*, C095754.) The following month, the trial court denied defendant's *Romero*[3] motion and sentenced him to prison for an aggregate term of 11 years, as follows: The upper term of four years for the assault with a deadly weapon count, doubled to eight years due to the prior strike, plus three years consecutive for the great bodily injury enhancement. As

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    *People v. Cruz* (1988) 44 Cal.3d 1247.

[3]    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

2

noted *ante*, in January 2023, this court vacated the sentence and remanded the matter for resentencing under current applicable law. (*Ibid*.)

In April 2024, defendant filed a brief asking the trial court to impose the low or middle term and dismiss the prior strike and the great bodily injury enhancement pursuant to section 1385. As to the prior strike and the great bodily injury enhancement, defendant argued it should be dismissed because he suffered childhood trauma, and the current offense was connected to mental illness. (§ 1385, subds. (c)(2)(D), (c)(2)(E).) Defendant argued that he was repeatedly molested by a relative when he was younger than 10 years old. That relative later committed suicide. In addition, his parents, who separated when he was an infant, regularly engaged in domestic violence with each other. Defendant's father was an alcoholic and physically abused defendant. This childhood trauma led defendant to abuse methamphetamine and alcohol, but he had attended substance abuse programs while in prison and had now been sober for two and a half years. He further argued that, as a result of his childhood trauma, he suffered from "Post Traumatic Stress Disorder (PTSD), impulsiveness, aggressiveness, a tendency to act out, anxiety, and bipolar disorder." He claimed he also had been told that he had an intellectual disability. In addition, the assault with a deadly weapon charge, alone, was not a violent felony. (§ 1385, subd. (c)(2)(F).) And, his prior strike was based on a 2016 conviction for first degree burglary and was therefore stale. (§ 1385, subd. (c)(2)(H).)

Defendant argued that either a lower or middle term was appropriate because there were no aggravating facts or circumstances stipulated to or admitted by defendant during his plea, nor were any aggravating facts or circumstances found true beyond a reasonable doubt by a jury. Defendant also pointed out the trauma he experienced during childhood. And, he had made positive use of his time in prison, including getting his high school diploma and taking college classes. He also had participated in multiple self-help classes and programs, including self-improvement, victim impact, substance abuse, anger management, first aid, offender corrections, and domestic violence. In addition,

3

defendant engaged in vocational training as a porter, forklift operator, skilled warehouse worker, and day laborer, and his supervisor reviews were positive. He had been accepted into a drug and alcohol treatment program upon his release. Defendant also submitted a classification from the Department of Corrections and Rehabilitation (CDCR) that opined defendant "does not pose a threat to the safety of Public, Staff and Inmates" if he was housed in a minimum support facility or community program.

During the April 2024 sentencing hearing, the trial court stated it had reviewed defendant's sentencing brief. The prosecutor asked the trial court to impose the same sentence. The prosecutor reminded the court that defendant was on mandatory supervision at the time of the current offense. In addition, he submitted a certified record of conviction (certified rap sheet) that he argued showed defendant's prior convictions were both significant and of increasing seriousness. Defendant's criminal history included what the trial court described as "assaultive behavior starting back as a juvenile" plus: (1) a 2006 conviction under former Health and Safety Code section 11377 (which the court noted was no longer a felony); (2) a 2009 conviction for reckless evasion and driving under the influence (Veh. Code, §§ 2800.2, 23152, subd. (a)); (3) a 2016 conviction for first degree burglary (§ 459), vehicle theft (Veh. Code, § 10851), and driving under the influence (Veh. Code, § 23153); (4) fifteen violations of supervision through 2017; (5) a 2017 conviction for assault (§ 245, subd. (a)(4)); (6) a 2019 conviction for reckless evasion (Veh. Code, § 2800.2, subd. (a)); and (7) four prior prison terms.

Defendant again asked the trial court to impose the lower term and strike his prior strike. He argued that the circumstances for the *Cruz* waiver violation were "pretty close." And, although defendant had an extensive criminal history, "most" of his crimes were related to substance abuse, including possession of a controlled substance, driving under the influence, and petty theft. Defendant further argued his childhood trauma led to his substance abuse issues.

4

Turning first to defendant's *Romero* motion, the trial court said it was "good" to see defendant's "progress" during his incarceration. Still, the current crime was a "random attack" on the victim and therefore "very concerning." In addition, defendant had "a consistent pattern of criminality," including four prior prison terms and multiple PRCS violations. Under the circumstances, the trial court declined to strike the prior strike. Turning next to the enhancement and the term, the court disagreed with CDCR's opinion that defendant did not pose a safety threat, saying it was "too soon to tell" whether defendant was not a danger to society. In light of defendant's criminal history (including prior prison terms and numerous prior convictions as an adult), the fact that defendant was on PRCS when he committed the current crimes, and that defendant admitted the great bodily injury enhancement, the trial court imposed the same 11-year aggregate prison sentence as before.

Defendant timely appealed.

DISCUSSION

I

Defendant contends the trial court abused its discretion in imposing the upper term on the assault with a deadly weapon charge. According to defendant, the trial court improperly considered the nature of the assault in imposing the upper term, even though this factor had not been admitted by defendant or found true by a jury or the court. In addition, defendant argues, that the upper term was not warranted by defendant's criminal history, especially since the court originally considered him to be suitable for probation. Instead, the middle term was appropriate given that defendant's childhood trauma had led to substance abuse issues. Defendant further argues his violation of his *Cruz* waiver was not serious, claiming he had only gotten into a fight with his fiancé and all charges related to the incident were dismissed. We find no error.

We review a trial court's sentencing decisions for abuse of discretion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-377.) "A court abuses its sentencing discretion

5

when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.)

Rule 4.421 of the California Rules of Court[4] sets forth circumstances in aggravation that a court may consider in sentencing, including "[f]actors relating to the crime," and whether a defendant has numerous prior convictions as an adult, has served a prior prison term, or was on PRCS when the crime was committed. (Rule 4.421(a), 4.421(b)(2), 4.421(b)(3), & 4.421(b)(4).) Section 1170 generally provides for midterm sentences and prohibits upper-term sentencing unless the factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or relate to a prior conviction that is established by a certified record of conviction. (§ 1170, subd. (b)(1)-(3).) In selecting an appropriate term, the trial court must set forth on the record the facts and reasons for choosing the sentence imposed. (*Id*., subds. (b)(5), (c).) A trial court violates a defendant's Sixth Amendment right to a jury trial when it "relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*People v. Lynch* (2024) 16 Cal.5th 730, 768.)

Section 1170 also contains a presumption in favor of the lower term if certain mitigating circumstances were a contributing factor in the commission of an offense, including if the defendant suffered childhood trauma such as abuse. (§ 1170, subd. (b)(6)(A); see also Rules 4.423(b)(3) & 4.423(b)(4) [circumstances in mitigation include when a defendant experienced childhood trauma that was a factor in the commission of the current crime, or the current offense is connected to a defendant's childhood trauma].) If the presumptive lower term factors contributed to an offense, the trial court may

---

[4]     Undesignated rule references are to the California Rules of Court.

impose the middle or upper term only if it finds that the aggravating circumstances outweigh the mitigating circumstances such that imposition of the lower term would be contrary to the interests of justice. (§ 1170, subd. (b)(6).)

We disagree with defendant that the trial court improperly considered unproven factors in imposing the upper term. Although the court did consider the fact that defendant admitted he personally inflicted great bodily injury in imposing the upper term, it only mentioned the other facts regarding the circumstances of the assault in the context of considering defendant's *Romero* motion. Despite defendant's contentions, when the court imposed the upper term, it focused on the great bodily injury enhancement and the fact that defendant was on PRCS when he committed the current crime, which defendant admitted during his plea hearing. (Rule 4.421(b)(4).) The court also stressed defendant's criminal history, which included prior prison terms and numerous prior convictions as an adult. (Rule 4.421(b)(2) & 4.421(b)(3).) These factors were properly proven by the certified rap sheet that the court admitted during the sentencing hearing. (See § 1170, subd. (b)(3) [permitting a trial court to consider a defendant's prior convictions during sentencing without submitting the matter to a jury only if the convictions are based on a certified record of conviction; see also *People v. Pantaleon* (2023) 89 Cal.App.5th 932, 938 [holding that a court may decide the aggravating factor that a defendant's prior convictions are numerous or of increasing seriousness from examining a prior record of conviction without submitting the matter to a jury], *People v. Wiley* (2023) 97 Cal.App.5th 676, 686, rev. granted Mar. 12, 2024, S283326, reply brief due [concluding that "once a defendant's prior convictions are properly established by a certified record, a trial court may 'consider' those convictions in determining whether related aggravating factors apply . . . includ[ing] the increasing seriousness of a defendant's convictions and the defendant's poor prior performance on probation or parole"].)

7

Defendant argues generally that the trial court failed to give due weight to the mitigating circumstance of his traumatic childhood (rules 4.423(b)(3), 4.423(b)(4)) and substance abuse. In effect, defendant is asking us to reweigh the mitigating and aggravating circumstances. That is beyond our purview under an abuse of discretion review. (*People v. Carmony, supra*, 33 Cal.4th at pp. 374-375.) Under the circumstances, we find no error.

## II

Defendant further argues that the trial court abused its discretion in declining to strike the great bodily injury enhancement. According to defendant, the court erred in failing to expressly find that doing so would not be in the interest of justice, or that defendant was a danger to public safety. Defendant further argues the court failed to consider that: (1) the current offense was entwined with his methamphetamine use which was due to childhood trauma and abuse (§ 1385, subd. (c)(2)E)); (2) the current offense is not a violent felony under section 667.5, subdivision (c) (§ 1385, subd. (c)(2)(F)); and (3) the enhancement was based on a prior conviction that is more than five years old (§ 1385, subd. (c)(2)(H)). We are not persuaded by defendant's contentions.

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) amended section 1385 to add subdivision (c), which requires a trial court to dismiss an enhancement "if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1); Stats. 2021, ch. 721, § 1.) In exercising its discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).) The mitigating circumstances include where a current offense is connected

to childhood trauma, where the current offense is not a violent felony as described in section 667.5, subdivision (c), and where the enhancement is based on a conviction that is more than five years old. (§ 1385, subds. (c)(2)(E), (c)(2)(F), & (c)(2)(H).) We review for abuse of discretion a trial court's denial of a motion to dismiss a sentence enhancement under section 1385. (*Nazir v. Superior Court of Los Angeles County* (2022) 79 Cal.App.5th 478, 490.)

We find no merit in defendant's contentions that reversal is required because the trial court failed to explicitly find that dismissing the great bodily injury enhancement was not in the interest of justice, or that defendant was a danger to public safety. Defendant extensively argued in his sentencing brief that the trial court should dismiss the enhancement under section 1385, and the trial court made clear during the sentencing hearing that it had considered defendant's brief. Moreover, the trial court stated that it disagreed with CDCR's opinion that defendant did not pose a safety threat, indicating it considered defendant a danger to public safety. The court went on to explain that it was imposing the same sentence (and thereby declining to dismiss the enhancement) based on defendant's extensive criminal record, that he inflicted great bodily injury, and that he committed the current crime while he was on PRCS. As such, there is no reason for us to believe the trial court was unaware of defendant's arguments in favor of mitigation, misunderstood its discretion under section 1385, or failed to follow the law. (See *People v. Ramirez* (2021) 10 Cal.5th 983, 1042 ["Absent evidence to the contrary, we presume that the trial court knew the law and followed it"].)

For similar reasons, we find no merit in defendant's contention that the trial court failed to consider the mitigating factors of his childhood trauma and substance abuse. As noted *ante*, these arguments were raised in defendant's sentencing brief, and the trial court made clear that it considered this brief. (See *People v. Myers* (1999) 69 Cal.App.4th 305, 310 [the "court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"].)

To the extent defendant argues the trial court should have considered as a mitigating factor that the great bodily injury enhancement is based on a prior conviction that is more than five years old, we note that the enhancement was imposed in the crimes at issue in this resentencing. As such, this factor is inapplicable here.

And, although section 667.5, subdivision (c) does not generally define assault with a deadly weapon as a violent felony, the statute makes clear that "[a]ny felony in which the defendant inflicts great bodily injury on a person other than an accomplice," including section 12022.7, *is* a violent felony. (§ 667.5, subd. (c)(8).) Given that defendant admitted the section 12022.7 enhancement, it would have been inappropriate for the trial court to consider this mitigating factor here. In sum, we find no abuse of discretion.

                                   DISPOSITION

The judgment is affirmed.



                                             \s\                              ,
                                        Krause, J.




We concur:



     \s\                    ,
Hull, Acting P. J.



     \s\                    ,
Mesiwala, J.




                                        10